IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| FRANCISCO & LISA MENDOZA, | ) | |
| | ) | CASE NO. BK05-81175 |
| Debtor(s). | ) | A05-8048 |
| NEBRASKA METHODIST HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANCISCO & LISA MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the debtor-defendants' motion for summary judgment (Fil. #17). The plaintiff did not respond. Thomas Kenny represents the debtors, and Michael O'Bradovich represents the plaintiff. The motion was taken under advisement as submitted without oral arguments.

This adversary proceeding was filed to except a medical debt from discharge and to object to the debtors' discharge. Mr. Mendoza suffered a work-related injury in July 2003. He was treated at Nebraska Methodist Hospital, incurring medical expenses of $32,733.44. In February 2005, he received a workers' compensation settlement of $110,000. Approximately $38,000 of the settlement was paid for legal services. The order approving the settlement apparently required Mr. Mendoza to pay all medical bills relating to his injury. Those bills were not paid, and the debtors filed their Chapter 7 case in April 2005, claiming the remaining workers' compensation proceeds as exempt. The hospital filed this adversary proceeding to except the debt from discharge under 11 U.S.C. § 523(a)(2) and to object to discharge under 11 U.S.C. § 727(a)(2), (a)(3), and/or (a)(4).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

  To withstand a motion for summary judgment, the non-moving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (quoting Hase v. Missouri Div. of Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906 (1993)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

  While Nebraska has a hospital lien statute which grants a provider of medical services a lien on any settlement or injury award, with that lien taking precedence over the statutory exemption of personal injury settlements and awards from creditors' claims, In re Cameron & Carie Long, Case No. BK05-81765, Memorandum of Sept. 14, 2005 (Fil. #43) ; Bergan Mercy Health Sys. v. Haven, 620 N.W.2d 339 (Neb. 2000), such a lien is invalid "against anyone coming under the Nebraska Workers' Compensation Act." Neb. Rev. Stat. § 52-401. The Workers' Compensation Act also exempts award payments or settlements from assignment, attachment, or garnishment, except for legal services and child support. Neb. Rev. Stat. § 48-149.

  The hospital has submitted no evidence in this case, and it has not demonstrated that it will be able to establish a prima facie case under any of its causes of action. For that reason, summary judgment will be granted in the debtors' favor.

  IT IS ORDERED: The debtor-defendants' motion for summary judgment (Fil. #17) is granted. Separate judgment will be entered.

  DATED:  August 9, 2006

                   BY THE COURT:

                   /s/ Timothy J. Mahoney
                   Chief Judge

Notice given by the Court to:
  *Thomas Kenny
  Michael O'Bradovich
  U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.